ROBBINS GELLER RUDMAN
   & DOWD LLP
RACHEL L. JENSEN
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
RachelJ@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
STUART A. DAVIDSON
CHRISTOPHER C. GOLD
DOROTHY P. ANTULLIS
BRADLEY M. BEALL
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS WARDROP, Individually and on Behalf of All Others Similarly Situated,<br><br>                     Plaintiff,<br><br>          vs.<br><br>SOLARA MEDICAL SUPPLIES, LLC,<br><br>                     Defendant. | Case No. **'19CV2423 AJB  AGS**<br><br>CLASS ACTION COMPLAINT FOR:<br><br>(1) Violations of the California Unfair Competition Law;<br>(2) Violations of the California Confidentiality of Medical Information Act;<br>(3) Negligence;<br>(4) Negligence Per Se;<br>(5) Declaratory Judgment;<br>(6) Breach of Implied Contract;<br>(7) Violations of the Michigan Consumer Protection Act; and<br>(8) Violations of the Michigan Identity Theft Protection Act.<br><br>DEMAND FOR JURY TRIAL |

1    Plaintiff Thomas Wardrop ("Plaintiff"), individually and on behalf of all
2  others similarly situated, through his undersigned counsel, alleges as follows against
3  Defendant Solara Medical Supplies, LLC ("Solara" or "Defendant"), based upon
4  personal knowledge as to himself, and, as to all other matters, upon information and
5  belief, including his counsel's investigation.  Plaintiff believes additional evidentiary
6  support exists for his allegations, given an opportunity for discovery.

7                          **NATURE OF THE ACTION**

8    1.    The cybersecurity of medical supply companies is of vital importance
9  to many Americans who rely on those devices for their survival each day.  Plaintiff
10  and other Class Members rely on Solara's diabetes medical supplies, including
11  glucose monitoring.  Contrary to its promises, and unbeknownst to Plaintiff and the
12  Class (defined below), Solara failed to provide proper cybersecurity for its
13  customers, including the protection of personally identifying information like their
14  names, dates of birth, medical information, billing/claims information, and health
15  insurance information (collectively, "Personal Information").

16    2.    Although Solara had long ago learned of a data breach, it failed to notify
17  Plaintiff and other Class members for 136 days until November 11, 2019, when
18  Plaintiff received a letter directed to him and the Class.  The data breach was caused
19  by Solara's own failures to implement and maintain reasonable security measures to
20  protect the Personal Information of Plaintiff and the Class from unauthorized access,
21  acquisition, destruction, use, modification, and disclosure.

22    3.    On behalf of himself and the Class, Plaintiff now seeks redress for
23  Defendant's violations of the common law and violations of California's Unfair
24  Competition Law, Cal. Bus. & Prof. Code §17200, *et seq.*, California's
25  Confidentiality of Medical Information Act, Cal. Civ. Code §56, *et seq.*, the
26  Michigan Consumer Protection Act, Mich. Comp. Laws Serv. §445.901, *et seq.*, and
27  the Michigan Identity Theft Protection Act, Mich. Comp. Laws Serv. §445.61, *et
28  seq*.

CLASS ACTION COMPLAINT

**PARTIES**

4.      Plaintiff Thomas Wardrop is a natural person domiciled in Grand Rapids, Michigan, and a member of the Class and Subclass as defined below.

5.      Defendant Solara Medical Supplies, LLC is a limited liability company organized under the laws of the State of California with its principal place of business located in Chula Vista, California.  The only member of Defendant is Solara Holdings, LLC, which is also a California limited liability company that shares its principal place of business with Defendant in Chula Vista, California.

**JURISDICTION AND VENUE**

6.      The Court has jurisdiction over Plaintiff's claims under 28 U.S.C. §1332(d)(2), because (a) there are 100 or more Class members, (b) at least one Class member is a citizen of a state that is diverse from Defendant's citizenship, and (c) the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

7.      Venue is proper under 28 U.S.C. §1391(b)(2) because a substantial part of the events and omissions giving rise to these claims occurred in this District.

**FACTUAL BACKGROUND**

8.      As stated on its company website (www.solara.com), Solara was founded in 2002 and is the largest independent supplier of continuous glucose monitors and insulin pumps and carries a full line of diabetes products and supplies.

9.      On or about November 11, 2019, Solara sent a form letter to Plaintiff and thousands of others around the country informing them that unauthorized persons had gained access to their Personal Information as a result of a phishing scheme while their Personal Information was in the possession of Solara months earlier.  The letter does not state whether or not such Personal Information was encrypted.

10.      The letter confirmed that hackers had access to the Personal Information of Plaintiff and other recipients of the letter for at least 79 days, from April 2, 2019 to June 20, 2019.

CLASS ACTION COMPLAINT

11.    Although Solara had long ago learned of the data breach, by its own admission, it waited another 136 days or more to notify Plaintiff and other affected individuals.  Thus, the criminals who unlawfully obtained access to the Personal Information of Plaintiff and the Class had access thereto for at least 215 days, more than seven months, during which time they were completely unaware of the breach.

12.    The letter further explained that "an unknown actor" obtained the Personal Information involving a seemingly unsophisticated email phishing campaign directed at Solara's own employees' Office 365 accounts.  The letter does not state whether or not the unknown actor was an agent or employee of Solara.

13.    Finally, although the letter states that "[Solara] is unaware of any actual or attempted misuse of your personal information as a result of this incident," it does not indicate what, if any, investigation Solara undertook to determine what was done with the Personal Information under its control.

14.    As the letter indicates, as a result of the data breach, the Personal Information of Plaintiff and the members of the Class defined herein, is still in the hands of unknown persons who may use or abuse it for criminal or other purposes. Plaintiff believes that these persons will sell the Personal Information to exploit and injure Plaintiff and the other Class members, to commit identity theft and identity fraud, and commit other acts injurious and detrimental to them.

15.    Moreover, as the American Medical Association has explained,

Cybersecurity is not just a technical issue; it's a patient safety issue. AMA research has revealed that 83% of physicians work in a practice that has experienced some kind of cyberattack. Unfortunately, practices are learning that cyberattacks not only threaten the privacy and security of patients' health and financial information, but also patient access to care.[1]

---

[1]    Andis Robeznieks, *Cybersecurity: Ransomware attacks shut down clinics, hospitals*, AM MED. ASS'N   (Oct. 4, 2019), https://www.ama-assn.org/practice-management/sustainability/cybersecurity-ransomware-attacks-shut-down-clinics-hospitals (last visited Dec. 18, 2019).

CLASS ACTION COMPLAINT

16.     Criminals also use Personal Information to commit various crimes, such as opening fraudulent credit accounts in the name of the victim, filing fraudulent income tax returns and diverting any refund to the criminal's bank account, and impersonating the victim when arrested, when obtaining medical services, or when seeking employment. These crimes cause significant harm to the victims that can last for years.

17.     Moreover, stolen Personal Information can be used to interrupt important medical services themselves, as the Food and Drug Administration recently explained:

> Today, the U.S. Food and Drug Administration is informing patients, health care professionals, IT staff in health care facilities and manufacturers of a set of cybersecurity vulnerabilities, referred to as "URGENT/11," that—if exploited by a remote attacker—may introduce risks for medical devices and hospital networks. URGENT/11 affects several operating systems that may then impact certain medical devices connected to a communications network, such as wi-fi and public or home Internet, as well as other connected equipment such as routers, connected phones and other critical infrastructure equipment. These cybersecurity vulnerabilities may allow a remote user to take control of a medical device and change its function, cause denial of service, or cause information leaks or logical flaws, which may prevent a device from functioning properly or at all.[2]

18.     The data breach occurred despite Solara's assurances that the Personal Information Plaintiff and other class members entrusted to Solara was secure.  For example, on its website, Solara claimed:  "Solara provides a secure, online portal for patients to access billing information anytime, as well as make an online payment." https://www.solara.com/pay-your-bill (last visited Dec. 5, 2019).

19.     Similarly, Solara's privacy policy claims that its data security practices met industry standards:

---

[2]    Press Release, *FDA informs patients, providers and manufacturers about potential cybersecurity vulnerabilities for connected medical devices and health care networks that use certain communication software*, FOOD & DRUG ADMIN. (Oct. 1, 2019), https://www.fda.gov/news-events/press-announcements/fda-informs-patients-providers-and-manufacturers-about-potential-cybersecurity-vulnerabilities (last visited Dec. 18, 2019).

CLASS ACTION COMPLAINT

DATA SECURITY
The Company takes steps consistent with commercially reasonable industry standards to secure personal information collected from you from loss, misuse, unauthorized access and accidental destruction while under our control.

https://www.solara.com/traceterms (last visited Dec. 18, 2019).

20.    Solara's website terms and conditions also promised Plaintiff and the Class that their personal information would not be compromised:

Privacy
We keep your personal information private and secure. When you make a purchase from our site, you provide your name, email address, credit card information, address, phone number, and a password. . . . Our secure servers protect your information using advanced encryption techniques and firewall technology.

https://www.solara.com/terms-and-conditions (last visited Dec. 18, 2019).

21.    Notwithstanding the foregoing assurances and promises, Solara failed to protect the Personal Information of Plaintiff and other members of the Class from criminals using relatively unsophisticated means to dupe its employees, as conceded in its letter to them.

22.    The letter did not identify the number of affected individuals. However, based on publicly available information, more than 100,000 persons were affected.

23.    Plaintiff and other members of the Class have suffered injury and damages, including, but not limited to:  (i) an increased risk of identity theft and identity fraud; (ii) improper disclosure of their Personal Information, which is now in the hands of criminals; (iii) the value of their time spent mitigating the increased risk of identity theft and identity fraud; (iv) the value of their time and expenses associated with mitigation, remediation, and sorting out the risk of fraud and actual instances of fraud; (v) deprivation of the value of their Personal Information, for which there is a well-established black market; and (vi) interruption of medical services.

24.    Plaintiff and the other Class members have suffered and will continue to suffer additional damages based on the opportunity cost and value of time that

- 5 -                                    CLASS ACTION COMPLAINT

1  they have been forced to expend and must expend in the future to monitor their

2  financial accounts and credit files as a result of the data breach.

3       25.    Acknowledging the burden and damage to Plaintiff and Class members

4  resulting from the breach, Solara has instructed them to "remain vigilant against

5  incidents of identity theft and fraud, [and] to review your account statements,

6  explanation of benefits, and credit reports for suspicious activity."

7       26.    Solara further provide two pages of densely worded instructions for

8  them to follow in order to protect themselves from further damage as a result of the

9  incident, including obtaining credit monitoring services and placing a "security

10  freeze" on their credit reports.  Had Solara safeguarded Plaintiff's and the Class'

11  Personal Information as it was required to and as it assured them it would, these

12  burdensome actions would not be necessary.

13  **CLASS ACTION ALLEGATIONS**

14       27.    This action satisfies the prerequisites for maintenance as a class action

15  provided in Fed. R. Civ. P. 23(a), as set forth below.

16       28.    *Class Definition*.  Plaintiff brings this action individually and on behalf

17  of the following Class of similarly situated persons of which Plaintiff is a member:

18      All natural persons domiciled in the United States or its territories to

19      whom Solara Medical Supplies, LLC addressed a letter dated on or
    about November 11, 2019, informing them of a data breach involving

20      the disclosure of their Personal Information.

21       29.    Excluded from the Class is Defendant and any of its respective officers,

22  directors or employees, the presiding judge, Class counsel and members of their

23  immediate families, and persons or entities who timely and properly exclude

24  themselves from the Class.

25       30.    *Michigan Sub-Class*.  In the alternative, Plaintiff brings this action

26  individually and on behalf of a sub-class of Michigan consumers only who are

27  members of the above-defined class.

28

CLASS ACTION COMPLAINT

1    31.    *Numerosity*.   The members of the Class are so numerous and
2  geographically dispersed throughout the United States such that joinder of all
3  members is impracticable.  Plaintiff believes that there are tens of thousands of
4  persons in the Class.  The exact number and identity of Class members is unknown
5  to Plaintiff at this time and can only be ascertained from information and records in
6  the possession, custody, or control of Defendant.

7    32.    *Commonality*.  There are questions of law or fact common to the Class
8  including, *inter alia*, the following:

9    (a)    Whether Solara failed to use reasonable care and reasonable
10  methods to secure and safeguard Plaintiff's and the other Class members' Personal
11  Information;

12    (b)    Whether Solara properly implemented its purported security
13  measures to protect Plaintiff's and the other Class members' Personal Information
14  from unauthorized capture, dissemination, and misuse;

15    (c)    Whether Solara took reasonable measures to determine the extent
16  of the data breach after it first learned of same;

17    (d)    Whether Solara willfully, recklessly, or negligently failed to
18  maintain and execute reasonable procedures designed to prevent unauthorized
19  access to Plaintiff's and Class members' Personal Information;

20    (e)    Whether Solara was otherwise negligent in failing to properly
21  secure and protect Plaintiff's and the other Class members' Personal Information;

22    (f)    Whether Solara violated California's Unfair Competition Law,
23  Cal. Bus. & Prof. Code §17200, *et seq.*;

24    (g)    Whether Solara violated California's Confidentiality of Medical
25  Information Act, Cal. Civ. Code §56, *et seq.*;

26    (h)    Whether the Michigan Consumer Protection Act, Mich. Comp.
27  Laws Serv. §445.901, *et seq.*, applies to the claims of Plaintiff and members of the
28  Class and/or entitles them to relief;

CLASS ACTION COMPLAINT

1     (i)    Whether the Michigan Identity Theft Protection Act, Mich.
2  Comp. Laws Serv. §445.61, *et seq.*, applies to the claims of Plaintiff and members
3  of the Class and/or entitles them to relief;

4     (j)    Whether the Court has subject matter jurisdiction and whether
5  venue in this district is proper;

6     (k)    Whether Plaintiff and the members of the Class are entitled to
7  their damages, including treble damages, and the appropriate measure thereof; and

8     (l)    Whether equitable or injunctive relief is appropriate.

9     33.    *Typicality*.  The claims of Plaintiff are typical of the claims of the Class
10 alleged herein.  Plaintiff and other members of the Class are all persons to whom
11 Solara Medical Supplies, LLC addressed a letter dated on or about November 11,
12 2019, informing them of a data breach involving the disclosure of their Personal
13 Information.  Plaintiff is advancing the same claims for damages and legal theories
14 on behalf of himself and all absent Class members herein.

15    34.    *Adequacy*.  Plaintiff will fairly and adequately protect the interests of
16 the Class.  Plaintiff has retained counsel who are competent and experienced in the
17 prosecution of complex and class action litigation.  The interests of Plaintiff are
18 aligned with, and not antagonistic to, those of the Class.

19    35.    *Fed. R. Civ. P. 23(b)(2) Requirements*.    The prerequisites to
20 maintaining a class action for injunctive and equitable relief pursuant to Fed. R. Civ.
21 P. 23(b)(2) exist, as Defendant has acted or has refused to act on grounds generally
22 applicable to the Class thereby making appropriate final injunctive and equitable
23 relief with respect to the Class as a whole.

24    36.    Defendant's actions are generally applicable to the Class as a whole,
25 and Plaintiff seeks, *inter alia*, equitable remedies with respect to the Class as a
26 whole.

27    37.    Defendant's uniform common course of conduct alleged herein makes
28 declaratory relief with respect to the Class as a whole appropriate.

CLASS ACTION COMPLAINT

38.    *Fed. R. Civ. P. 23(b)(3) Requirements.*    This case satisfies the prerequisites of Fed. R. Civ. P. 23(b)(3).    The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy.

39.    The likelihood that individual members of the Class will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially in view of the relatively modest amount of monetary, injunctive and equitable relief at issue for individual Class members.

40.    This action will be prosecuted in a fashion to ensure the Court's able management of this case as a class action on behalf of the Class.

**COUNT I**
**(Violation of the California's Unfair Competition Law,**
**Cal. Bus. & Prof. Code §17200, *et seq.*)**

41.    Plaintiff repeats and realleges the allegations of Paragraphs 1 through 40, *supra*, as though fully stated herein.

42.    California's Confidentiality of Medical Information Act ("CMIA") requires a healthcare provider "who creates, maintains, preserves, stores, abandons, destroys, or disposes of medical information [to] do so in a manner that preserves the confidentiality of the information contained therein." Cal. Civ. Code §56.101. "Every provider of health care, health care service plan, pharmaceutical company, or contractor who negligently creates, maintains, preserves, stores, abandons, destroys, or disposes of medical information shall be subject to the remedies and penalties provided under subdivisions (b) and (c) of Section 56.36." *Id.*

43.    The CMIA further requires that "[a]n electronic health record system or electronic medical record system . . . [p]rotect and preserve the integrity of electronic medical information." Cal. Civ. Code §56.101(b)(1)(A).

CLASS ACTION COMPLAINT

44.   Plaintiff and Class members are "patient[s]," "whether or not still living, who received health care services from a provider of health care and to whom medical information pertains" pursuant to §56.05(k) of the CMIA.

45.   Defendant is a "provider of healthcare" pursuant to §56.05(m) of the CMIA "who creates, maintains, preserves, stores, abandons, destroys, or disposes of medical information."

46.   Defendant is subject to the requirements and mandates of the CMIA.

47.   The Personal Information of Plaintiff and Class members compromised in the data breach constitutes "medical information" maintained in electronic form pursuant to §56.05(j) of the CMIA.

48.   Defendant violated §56.36(b) of the CMIA by negligently maintaining, preserving, storing, and releasing the Personal Information of Plaintiff and Class members, and failing to protect and preserve the integrity of the Personal Information of Plaintiff and Class members.

49.   Plaintiff and Class members did not authorize Defendant's disclosure and release of their Personal Information that occurred in the data breach.

50.   As a result of the data breach, the Personal Information of Plaintiff and Class members was compromised when it was acquired and accessed by unauthorized parties.

51.   Defendant violated the CMIA by negligently (1) failing to implement reasonable administrative, physical and technical safeguards to protect, secure and prevent the unauthorized access to, and acquisition of, Plaintiff's and Class members' Personal Information; (2) failing to implement reasonable data security measures, such as intrusion detection processes that detect data breaches in a timely manner, to protect and secure Plaintiff's and Class members' Personal Information and ensuring its vendors and business associates implemented such measures; (3) failing to use reasonable authentication procedures to track Personal Information in case of a security breach; and (4) allowing undetected and unauthorized access to

CLASS ACTION COMPLAINT

1    servers, networks and systems where Plaintiff's and Class members' Personal
2    Information was kept, all in violation of the CMIA.

3         52.    Defendant's failure to implement adequate data security measures to
4    protect the Personal Information of Plaintiff and Class members was a substantial
5    factor in allowing unauthorized parties to access its computer systems and acquire
6    the Personal Information of Plaintiff and Class members.

7         53.    As a direct and proximate result of Defendant's violation of the CMIA,
8    Defendant allowed the Personal Information of Plaintiff and Class members to: (a)
9    escape and spread from its normal place of storage through unauthorized disclosure
10   or release; and (b) be accessed and acquired by unauthorized parties in order to, on
11   information and belief, view, mine, exploit, use, and/or profit from their Personal
12   Information, thereby breaching the confidentiality of their Personal Information.
13   Plaintiff and Class members have accordingly sustained and will continue to sustain
14   actual damages as set forth above.

15        54.    Plaintiff and Class members seek actual and statutory damages
16   pursuant to §56.36(b)(1) of the CMIA.

17        55.    Plaintiff and Class members also seek reasonable attorneys' fees and
18   costs under applicable law including Civil Code §56.35, and Cal. Code of Civ. P.
19   §1021.5.

20                            **COUNT II**
21   **(Violation of California's Confidentiality of Medical Information Act,
     Cal. Civ. Code §56, *et seq.*)**

22        56.    Plaintiff repeats and realleges the allegations of Paragraphs 1 through
23   40, *supra*, as though fully stated herein.

24        57.    Defendant is a "person" as defined by Cal. Bus. & Prof. Code §17201.

25        58.    Defendant violated Cal. Bus. & Prof. Code §17200, *et seq.* ("UCL") by
26   engaging in unlawful, unfair, and deceptive business acts and practices.

27        59.    Defendant's "unfair" acts and practices include:

28

(a)    Failing to implement and maintain reasonable security measures to protect Plaintiff's and Class members' Personal Information from unauthorized disclosure, release, data breaches, and theft, which was a direct and proximate cause of the data breach.  Defendant failed to identify foreseeable security risks, remediate identified security risks, and adequately improve security following previous cybersecurity incidents. This conduct, with little if any utility, is unfair when weighed against the harm to Plaintiff and the Class, whose Personal Information has been compromised.

(b)    Failing to implement and maintain reasonable security measures also was contrary to legislatively-declared public policy that seeks to protect consumers' data and ensure that entities that are trusted with it use appropriate security measures. These policies are reflected in laws, including the FTC Act, 15 U.S.C. §45, HIPAA, and California's Consumer Records Act, Cal. Civ. Code §1798.81.5.

(c)    Failing to implement and maintain reasonable security measures also led to substantial consumer injuries, as described above, that are not outweighed by any countervailing benefits to consumers or competition. Moreover, because consumers could not know of Defendant's inadequate security, consumers could not have reasonably avoided the harms that Defendant caused.

(d)    Engaging in unlawful business practices by violating Cal. Civ. Code §1798.82.

60.    Defendant has engaged in "unlawful" business practices by violating multiple laws, including California's Consumer Records Act, Cal. Civ. Code §1798.81.5 (requiring reasonable data security measures) and §1798.82 (requiring timely breach notification), California's Consumers Legal Remedies Act, Cal. Civ. Code §1780, *et seq.*, the FTC Act, 15 U.S.C. §45, HIPAA, and California common law.

61.    Defendant's unlawful, unfair, and deceptive acts and practices include:

CLASS ACTION COMPLAINT

1    (a)    Failing to implement and maintain reasonable security and

2  privacy measures to protect Plaintiff's and Class members' Personal Information,

3  which was a direct and proximate cause of the data breach;

4    (b)    Failing to identify foreseeable security and privacy risks,

5  remediate identified security and privacy risks, and adequately improve security and

6  privacy measures following previous cybersecurity incidents at medical companies,

7  which was a direct and proximate cause of the data breach;

8    (c)    Failing to comply with common law and statutory duties

9  pertaining to the security and privacy of Plaintiff's and Class members' Personal

10  Information, including duties imposed by the FTC Act, 15 U.S.C. §45, HIPAA, and

11  California's Customer Records Act, Cal. Civ. Code §1798.80, *et seq.*, which was a

12  direct and proximate cause of the data breach;

13    (d)    Misrepresenting that it would protect the privacy and

14  confidentiality of Plaintiff's and Class members' Personal Information, including by

15  implementing and maintaining reasonable security measures;

16    (e)    Misrepresenting that it would comply with common law and

17  statutory duties pertaining to the security and privacy of Plaintiff's and Class

18  members' Personal Information, including duties imposed by the FTC Act, 15

19  U.S.C. §45, HIPAA, and California's Customer Records Act, Cal. Civ. Code

20  §1798.80, *et seq.*;

21    (f)    Omitting, suppressing, and concealing the material fact that it did

22  not reasonably or adequately secure Plaintiff's and Class members' Personal

23  Information; and

24    (g)    Omitting, suppressing, and concealing the material fact that it did

25  not comply with common law and statutory duties pertaining to the security and

26  privacy of Plaintiff's and Class members' Personal Information, including duties

27  imposed by the FTC Act, 15 U.S.C. §45, HIPAA, and California's Customer

28  Records Act, Cal. Civ. Code §1798.80, *et seq.*

CLASS ACTION COMPLAINT

62.     Defendant's representations and omissions were material because it was likely to deceive reasonable consumers about the adequacy of Defendant's data security and ability to protect the confidentiality of consumers' Personal Information.

63.     As a direct and proximate result of Defendant's unfair, unlawful, and fraudulent acts and practices, Plaintiff and Class members were injured and lost money or property; losses from fraud and identity theft; costs for credit monitoring and identity protection services; time and expenses related to monitoring their financial accounts for fraudulent activity; loss of value of their Personal Information; and an increased, imminent risk of fraud and identity theft.

64.     Defendant acted intentionally, knowingly, and maliciously to violate the UCL, and recklessly disregarded Plaintiff and Class members' rights. Defendant knew or reasonably should have known about past data breaches within the medical industry put it on notice that its security and privacy protections were inadequate.

65.     Plaintiff and Class members seek all monetary and non-monetary relief allowed by law, including restitution of all profits stemming from Defendant's unfair, unlawful, and fraudulent business practices or use of their Personal Information; declaratory relief; reasonable attorneys' fees and costs under California Code of Civil Procedure §1021.5; injunctive relief; and other appropriate equitable relief.

## COUNT III
### (Negligence)

66.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 40, *supra*, as though fully stated herein.

67.     Solara owed numerous affirmative duties to Plaintiff and the other members of the Class. These duties include the duty:

CLASS ACTION COMPLAINT

(a)    to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting, and protecting Personal Information in its possession, custody, or control;

(b)    to protect the Personal Information in its possession, custody, or control using reasonable and adequate security procedures that are compliant with industry-standard practices and the practices and certifications represented on its website which it voluntarily undertook duties to implement; and

(c)    to implement processes to quickly detect a data breach and to timely act on warnings about data breaches, including promptly and sufficiently notifying Plaintiff and the other members of the Class of the data breach described herein.

68.    Solara, a self-described leader in the sale of medical supplies, knew or should have known the risks of collecting and storing personal information, including health and health insurance claims information, and the importance of maintaining secure systems. Solara knew of the many breaches that targeted other companies in the same sector in the years preceding the data breach.

69.    Given the nature of Solara's business, the sensitivity and value of the Personal Information and other data it maintains, and the resources at its disposal, Solara should have identified the vulnerabilities to its systems and prevented the data breach from occurring.

70.    Solara knew or should have known that its systems did not adequately safeguard Plaintiff's and the other Class members' Personal Information.

71.    Solara breached the duties it owed to Plaintiff and Class members by, *inter alia*,

(a)    failing to implement adequate security systems, protocols and practices sufficient to protect Personal Information and thereby creating a foreseeable, unreasonable risk of harm;

CLASS ACTION COMPLAINT

(b)    failing to comply with the minimum industry data security standards and its own assurances of superior data security standards;

(c)    negligently performing voluntary undertakings to secure and protect the personal information it solicited and maintained; and

(d)    failing to timely and sufficiently discover and disclose to consumers that their personal information had been compromised.

72.    But for Solara's breach of the duties it owed to Plaintiff and the other Class members, their Personal Information would not have been compromised.

73.    The injury and harm that Plaintiff and the other Class members suffered was the direct and proximate result of Solara's negligence.  Plaintiff and the other Class members have suffered actual damages including improper disclosure of their Personal Information, lost value of their personal information, lost time and money incurred to mitigate and remediate the effects of the data breach, including the increased risk of identity theft that resulted and continues to face them.

74.    Plaintiff's and the other Class members' injuries were proximately caused by Defendant's breach of its duties enumerated above, which was conducted with reckless indifference toward the rights of others, such that an award of punitive damages is warranted.

**COUNT IV**
**(Negligence *Per Se*)**

75.    Plaintiff repeats and realleges the allegations of Paragraphs 1 through 40, *supra*, as though fully stated herein.

76.    Defendant is an entity covered by the Health Insurance Portability and Accountability Act ("HIPAA") (45 C.F.R. §160.102) and as such is required to comply with the HIPAA Privacy Rule and Security Rule, 45 C.F.R Part 160 and Part 164, Subparts A and E ("Standards for Privacy of Individually Identifiable Health Information"), and Security Rule ("Security Standards for the Protection of

CLASS ACTION COMPLAINT

Electronic Protected Health Information"), 45 C.F.R. Part 160 and Part 164, Subparts A and C.

77.     HIPAA requires Defendant to "reasonably protect" confidential data from "any intentional or unintentional use or disclosure" and to "have in place appropriate administrative, technical, and physical safeguards to protect the privacy of protected health information." 45 C.F.R. §164.530(c)(1). HIPAA also requires Defendant to obtain satisfactory assurances that its business associates would appropriately safeguard the protected health information it receives or creates on behalf of the Defendant. 45 C.F.R. §164.502(e), 164.504(e), 164.532(d) and (e). The confidential data at issue in this case constitutes "protected health information" within the meaning of HIPAA.

78.     HIPAA further requires Defendant to disclose the unauthorized access and theft of the Personal Information to Plaintiff and the Class members "without unreasonable delay" so that Plaintiff and Class members can take appropriate measures to mitigate damages, protect against adverse consequences, and thwart future misuse of their personal information.  *See* 45 C.F.R. §§164.404, 406, 410.

79.     Defendant violated HIPAA by failing to reasonably protect Plaintiff's and Class Members' Personal Information, as described herein.

80.     Defendant's violations of HIPAA constitute negligence per se.

81.     Plaintiff and Class Members are within the class of persons that HIPAA was intended to protect.

82.     The harm that occurred as a result of the data breach at issue herein is the type of harm HIPAA was intended to guard against.

83.     Additionally, Section 5 of the Federal Trade Commission Act ("FTC Act") (15 U.S.C. §45) prohibits "unfair . . . practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair act or practice by businesses, such as Defendant, of failing to use reasonable measures to protect personal information. 15 U.S.C. §45(a)(1).

CLASS ACTION COMPLAINT

84.    The FTC publications and orders described above also form part of the basis of Defendant's duty in this regard.

85.    Defendant violated Section 5 of the FTC Act by failing to use reasonable measures to protect Personal Information and not complying with applicable industry standards. Defendant's conduct was particularly unreasonable given the nature and amount of Personal Information it obtained, stored, and disseminated, and the foreseeable consequences of a data breach involving companies like Solara, including, specifically, the immense damages that would result to Plaintiff and class members.

86.    Defendant's violations of Section 5 of the FTC Act constitute negligence per se.

87.    Plaintiff and Class members are within the class of persons that the FTC Act was intended to protect.

88.    The harm that occurred as a result of the data breach is the type of harm the FTC Act was intended to guard against. The FTC has pursued enforcement actions against businesses, which, as a result of its failure to employ reasonable data security measures and avoid unfair and deceptive practices, caused the same harm as that suffered by Plaintiff and the Class.

89.    As a direct and proximate result of Defendant's negligence per se under HIPAA and the FTC Act, Plaintiff and the Class have suffered, continue to suffer, and will suffer, injuries, damages, and harm as set forth herein.

**COUNT V**
**(Declaratory Judgment Act)**

90.    Plaintiff repeats and realleges the allegations of Paragraphs 1 through 40, *supra*, as though fully stated herein.

91.    This count is brought under the federal Declaratory Judgment Act, 28 U.S.C. §2201.

CLASS ACTION COMPLAINT

92.    As previously alleged, Plaintiff and Class members entered into an implied contract that required Defendant to provide adequate security for the Personal Information it collected from them. As previously alleged, Defendant owe duties of care to Plaintiff and Class members that require them to adequately secure Personal Information.

93.    Defendant still possesses Personal Information pertaining to Plaintiff and Class members.

94.    Defendant has made no announcement or notification that they have remedied the vulnerabilities in its practices and policies regarding ensuring the data security of patients' Personal Information.

95.    Accordingly, Defendant has not satisfied its implied contractual obligations and legal duties to Plaintiff and Class members. In fact, now that Defendant's lax approach towards data security has become public, the Personal Information in its possession is more vulnerable than it was prior to announcement of the data breach.

96.    Actual harm has arisen in the wake of the data breach regarding Defendant's contractual obligations and duties of care to provide data security measures to Plaintiff and Class members, including the fact that Class members' Personal Information was available for sale on the dark web.

97.    Plaintiff, therefore, seeks a declaration that (a) Defendant's existing data security measures do not comply with its obligations and duties of care, and (b) in order to comply with its contractual obligations and duties of care, Defendant must implement and maintain reasonable security measures, including, but not limited to:

(a)    Modifying its practices and policies to ensure the protection of Personal Information it collects, including engaging third-party security auditors/penetration testers as well as internal security personnel to conduct testing, including simulated attacks, penetration tests, and audits on its systems on a periodic

CLASS ACTION COMPLAINT

basis, and to promptly correct any problems or issues detected by such third-party security auditors;

(b)    Modifying its practices and policies to ensure the engagement of third-party security auditors and internal personnel to run automated security monitoring;

(c)    Modifying its practices and policies to ensure that Defendant audits, tests, and trains security personnel regarding any new or modified procedures;

(d)    Modifying its practices and policies to ensure the business associates to which it provides consumers' personal information segment personal information by, among other things, creating firewalls and access controls so that if one area of a system is compromised, hackers cannot gain access to other portions of the systems;

(e)    Modifying its practices and policies to ensure Personal Information not necessary for the provision of services is purged, deleted, and destroyed;

(f)    Routinely and continually conduct internal training and education of internal data security personnel; and

(g)    Educating its customers about the threats they face as a result of the loss of their financial and Personal Information to third parties, as well as the steps they must take to protect themselves.

## COUNT VI
### (Breach of Implied Contract)

98.    Plaintiff repeats and realleges the allegations of Paragraphs 1 through 40, *supra*, as though fully stated herein.

99.    Plaintiff and Class members were required to provide their Personal Information, including names, addresses, Social Security numbers, health data and

CLASS ACTION COMPLAINT

1   claims information, and other personal information, to Solara in order to obtain

2   medical supplies.

3       100.   When Plaintiff and Class members provided their Personal Information

4   to Solara in exchange for goods and services, they entered into implied contracts

5   with Solara pursuant to which Solara agreed to safeguard and protect such

6   information and to timely and adequately notify them if their data had been breached

7   and compromised.

8       101.   Plaintiff and the Class members would not have provided and entrusted

9   their Personal Information to Defendant in the absence of the implied contract to

10  keep the information secure.

11      102.   Plaintiff and the Class members fully performed their obligations under

12  the implied contract with Defendant by providing their Personal Information,

13  whereas Defendant did not comply with its obligations to keep the information

14  secure.

15      103.   Defendant breached the implied contracts with Plaintiff and Class

16  members by failing to reasonably safeguard and protect Plaintiff's and Class

17  members' Personal Information, which was compromised as a result of the data

18  breach.

19      104.   As a direct and proximate result of Defendant's breach of their implied

20  contacts with Plaintiff and Class members, they have suffered and will suffer injury,

21  including but not limited to:  (i) the loss of the opportunity as to how their Personal

22  Information is used; (ii) the compromise, publication, and/or theft of their Personal

23  Information; (iii) out-of-pocket expenses associated with the prevention, detection,

24  and recovery from identity theft, tax fraud, and/or unauthorized use of their Personal

25  Information; (iv) lost opportunity costs associated with effort expended and the loss

26  of productivity addressing and attempting to mitigate the actual and future

27  consequences of the data breach, including but not limited to efforts spent

28  researching how to prevent, detect, contest, and recover from tax fraud and identity

CLASS ACTION COMPLAINT

theft; (v) costs associated with placing freezes on credit reports; (vi) the continued risk to their Personal Information, which remains in Defendant's possession and is subject to further unauthorized disclosures so long as Defendant fails to undertake appropriate and adequate measures to protect the personal information in their continued possession; and, (vii) future costs in terms of time, effort and money that will be expended to prevent, detect, contest, and repair the impact of the personal information compromised as a result of the data breach for the remainder of the lives of Plaintiff and Class members.

**COUNT VII**
**(Violation of the Michigan Identity Theft Protection Act,**
**Mich. Comp. Laws Ann. §445.72, *et seq.*)**
**On behalf of the Michigan Subclass Only**

105.    Plaintiff repeats and realleges the allegations of Paragraphs 1 through 40, *supra*, as though fully stated herein.

106.    Defendant is a business that owns or licenses computerized data that includes Personal Information as defined by Mich. Comp. Laws Ann. §445.72(1).

107.    Plaintiff's and Michigan Subclass members' Personal Information includes Personal Information as covered under Mich. Comp. Laws Ann. §445.72(1).

108.    Defendant is required to accurately notify Plaintiff and Michigan Subclass members if it discovers a security breach, or receive notice of a security breach (where unencrypted and unredacted Personal Information was accessed or acquired by unauthorized persons), without unreasonable delay under Mich. Comp. Laws Ann. §445.72(1).

109.    Defendant is required to provide notice that is written in a "clear and conspicuous manner." Mich. Comp. Laws Ann. §445.72(6).

110.    Because Defendant discovered a security breach and had notice of a security breach (where unencrypted and unredacted Personal Information was accessed or acquired by unauthorized persons) involving the Personal Information

CLASS ACTION COMPLAINT

1    of Plaintiff and Michigan Subclass members that Defendant provided to AMCA,

2    Defendant had an obligation to disclose the data breach in a timely and accurate

3    fashion as mandated by Mich. Comp. Laws Ann. §445.72(4).

4        111.  By failing to disclose the data breach in a timely and accurate manner

5    and provide notice clearly and conspicuously, Defendant violated Mich. Comp.

6    Laws Ann. §445.72(4).

7        112.  As a direct and proximate result of Defendant's violations of Mich.

8    Comp. Laws Ann. §445.72(4), Plaintiff and Michigan Subclass members suffered

9    damages, as described above.  Plaintiff and Michigan Subclass members seek relief

10   under Mich. Comp. Laws Ann. §445.72(13), including a civil fine.

11
                                    **COUNT VIII**
                    **(Violation of the Michigan Consumer Protection Act,**
12                     **Mich. Comp. Laws Ann. §445.903, *et seq*.)**

13                   **On behalf of the Michigan Subclass Only**

14       113.  Plaintiff repeats and realleges the allegations of Paragraphs 1 through

15   40, *supra*, as though fully stated herein.

16       114.  Defendant and Michigan Subclass members are "persons" as defined

17   by Mich. Comp. Laws Ann. §445.902(d).

18       115.  Defendant advertised, offered, or sold goods or services in Michigan

19   and engaged in trade or commerce directly or indirectly affecting the people of

20   Michigan, as defined by Mich. Comp. Laws Ann. §445.903(g)

21       116.  Defendant engaged in unfair, unconscionable, and deceptive practices

22   in the conduct of trade and commerce, in violation of Mich. Comp. Laws Ann.

23   §445.903(1), including:

24            (a)     Representing that their goods and services have characteristics,

25   uses, and benefits that they do not have, in violation of Mich. Comp. Laws Ann.

26   §445.903(1)(c);

27

28

                                    - 23 -
                                                    CLASS ACTION COMPLAINT

(b)    Representing that their goods and services are of a particular standard or quality if they are of another in violation of Mich. Comp. Laws Ann. §445.903(1)(e);

(c)    Defendant advertised, offered, or sold goods or services in Michigan and engaged in trade or commerce directly or indirectly affecting the people of Michigan, as defined by Mich. Comp. Laws Ann. §445.903(g).

(d)    Making a representation or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is, in violation of Mich. Comp. Laws Ann. §445.903(1)(bb); and

(e)    Failing to reveal facts that are material to the transaction in light of representations of fact made in a positive matter, in violation of Mich. Comp. Laws Ann. §445.903(1)(cc).

117.    Defendant's unfair, unconscionable, and deceptive practices include:

(a)    Failing to implement and maintain reasonable security and privacy measures to protect Plaintiff's and Michigan Subclass members' Personal Information, which was a direct and proximate cause of the data breach;

(b)    Failing to identify foreseeable security and privacy risks, remediate identified security and privacy risks, and adequately improve security and privacy measures following previous cybersecurity incidents, which was a direct and proximate cause of the data breach;

(c)    Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiff's and Michigan Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. §45, and HIPAA, which was a direct and proximate cause of the data breach;

(d)    Misrepresenting that they would protect the privacy and confidentiality of Plaintiff's and Michigan Subclass members' Personal Information, including by implementing and maintaining reasonable security measures;

CLASS ACTION COMPLAINT

(e)    Misrepresenting that Defendant would comply with common law and statutory duties pertaining to the security and privacy of Plaintiff's and Michigan Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. §45, and HIPAA;

(f)    Omitting, suppressing, and concealing the material fact that they did not reasonably or adequately secure Plaintiff's and Michigan Subclass members' Personal Information; and

(g)    Omitting, suppressing, and concealing the material fact that Defendant did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiff's and Michigan Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. §45, and HIPAA.

118.    Defendant's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of its data security and ability to protect the confidentiality of consumers' Personal Information.

119.    Defendant intended to mislead Plaintiff and Michigan Subclass members and induce them to rely on their misrepresentations and omissions.

120.    Defendant acted intentionally, knowingly, and maliciously to violate Michigan's Consumer Protection Act, and recklessly disregarded Plaintiff and Michigan Subclass members' rights. Defendant's past data breaches and breaches within the medical industry put them on notice that their security and privacy protections were inadequate.

121.    As a direct and proximate result of Defendant's unfair, unconscionable, and deceptive practices, Plaintiff and Michigan Subclass members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including losses from fraud and identity theft; costs for credit monitoring and identity protection services; time and expenses related to monitoring their financial accounts for fraudulent activity; loss of value of

CLASS ACTION COMPLAINT

their Personal Information; and an increased, imminent risk of fraud and identity theft.

122.   Plaintiff and Michigan Subclass members seek all monetary and non-monetary relief allowed by law, including the greater of actual damages or $250, restitution, injunctive relief, and any other relief that is just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

A.     Determining that this action is a proper class action, appointing Plaintiff to serve as a class representative, and appointing his counsel as Class Counsel;

B.     Declaring that Defendant is liable under one or more of the above causes of action;

C.     Awarding compensatory damages in favor of Plaintiff and the other Class members against Defendant for all damages sustained as a result of Defendant's wrongdoing, in an amount to be proven at trial, including interest thereon;

D.     Awarding Plaintiff and the Class pre-judgment and post-judgment interest as well as reasonable attorneys' costs and expenses; and

E.     Awarding such other relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all appropriate causes of action and issues raised herein.

DATED:  December 18. 2019           ROBBINS GELLER RUDMAN
                                     & DOWD LLP
                                    RACHEL L. JENSEN


                                    _s/Rachel L. Jensen_
                                    Rachel L. Jensen

CLASS ACTION COMPLAINT

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
RachelL@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
STUART A. DAVIDSON
CHRISTOPHER C. GOLD
DOROTHY P. ANTULLIS
BRADLEY M. BEALL
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
sdavidson@rgrdlaw.com
cgold@rgrdlaw.com
dantullis@rgrdlaw.com
bbeall@rgrdlaw.com

SWEETNAM LLC
WILLIAM M. SWEETNAM
53 West Jackson Boulevard, Suite 1440,
Chicago, IL 60604
Telephone: 312/757-1888
312/754-8090 (fax)
wms@sweetnamllc.com

Attorneys for Plaintiff

CLASS ACTION COMPLAINT